# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROWAN CROSBY BROOKS, JR., | Case No. 1:14-CV-01095-LJO-SMS  HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THE PETITION FOR LACK OF JURISDICTION |
| v. | |
| GARY SWARTHOUT, WARDEN, | |
| Respondent. | (Doc. 13) |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 20 U.S.C. § 2254.  Pursuant to a California Supreme Court determination that restitution cannot be order for amounts incurred after death, he seeks to set aside a restitution order as a violation of due process.  Respondent moves to dismiss the petition contending that this Court lacks jurisdiction over a habeas petition challenging a restitution order.  Because Respondent's contention is supported by applicable law, the undersigned recommends that the Court dismiss the petition for lack of jurisdiction.

## 1.    Procedural and Factual Background

In April 2006, in Kern County Superior Court, a jury convicted Petitioner of first degree murder.  *See People v. Brooks*, 2008 WL 2897093 at *1 (Cal. Ct. App. 5 Dist. July 29, 2008) (No. F051251).  The court sentenced him to a term of twenty-five years to life.  According to the Superior

1

Court's decision (Case No. HC 013480A), although no restitution award was initially ordered, the trial court retained jurisdiction to reopen the proceedings should the victim's stepdaughter, Bobbi Scrivenor, later present a claim. *See* Doc. 1 at 50. Ultimately, Ms. Scrivenor sought restitution for losses resulting from Petitioner's conversion of the victim's bank account. Plaintiff denied taking the funds. Following a June 29, 2010 hearing, the trial court entered a restitution order in the amount of $49,937.00. On September 27, 2011, the appellate division upheld the restitution order.

In November 2011, this Court dismissed as untimely a federal habeas petition, filed pursuant to 28 U.S.C. § 2254, challenging Petitioner's 2006 conviction but not the restitution order. *See* *Brooks v. Yates*, 2012 WL 4764370 at *1 (E.D. Cal. Oct. 5, 2012) (No. 1:11-cv-01315-LJO-JLT). Petitioner moved for reconsideration, which this Court denied on October 5, 2012. *Id.* Petitioner's appeal is now pending before the U.S. Court of Appeals for the Ninth Circuit (No. 12-17607).

On February 14, 2013, Petitioner filed a new petition for writ of habeas corpus, contending that the restitution order was "highly prejudicial and increased his punishment." Doc. 1 at 50. On April 4, 2013, the Kern County Superior Court denied the petition, opining that an order of restitution is not a fine, but a statutory mechanism to reimburse the victim for economic losses resulting from the underlying crime. The court also rejected Petitioner's claim of ineffective assistance of counsel in the restitution proceedings, finding that Petitioner's counsel vigorously argued on his behalf.

On July 15, 2013, the Fifth Appellate District of California summarily denied Petitioner's appeal of the denial of his habeas petition. The California Supreme Court summarily denied the appeal on January 29, 2014.

Petitioner filed this petition on August 9, 2014. Doc. 1.

**II.   Discussion**

Petitioner does not challenge his custody pursuant to his 2006 conviction. He could not do so. "A claim presented in a second or successive habeas corpus application under section 2254 that

2

was presented in a prior application shall be dismissed."  28 U.S.C. § 2244(b).  Since Petitioner has

previously filed a petition for writ of habeas corpus concerning his 2006 conviction (which petition

is now pending before the Ninth Circuit), the statute bars a new challenge to Petitioner's custody.

Noting the absence of a valid in-custody challenge, Respondent argues that the petition must be

dismissed for lack of jurisdiction.  This Court agrees.

"The . . . district court shall entertain an application for a writ of habeas corpus [o]n behalf of

a person in custody pursuant to a judgment of a State court only on the ground that he is in custody

in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

"Because the "in custody" requirement is jurisdictional, "it is the first question we must consider."

*Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir. 1998) (*citation omitted*).  To be in custody

generally requires a restraint on liberty not experienced by the public generally.  *Id.*  Collateral

consequences of a conviction, such as a fine, loss of a license, or a restitution order, do not satisfy

the in-custody requirement.  *Bailey v. Hill*, 599 F.3d 976, 978-79 (9th Cir. 2010); *Williamson*, 151

F.3d at 1183.  Imposition of a restitution order does not constitute "a significant restraint on liberty."

*Bailey*, 599 F.3d at 979.  That a petitioner is in physical custody when he files a petition challenging

a restitution order is not sufficient to confer jurisdiction.

## III.    <u>Conclusion and Recommendation</u>

Because Petitioner cannot satisfy the statutory in-custody requirement, the Court lacks

jurisdiction over his habeas petition.  Accordingly, the undersigned recommends that the petition be

dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the Honorable Lawrence

J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. §

636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States

District Court, Eastern District of California.  Within thirty (30) days after being served

with a copy, either party may file written objections with the court, serving a copy on all

parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

   Dated:   **October 29, 2014**                    **/s/ Sandra M. Snyder**
                                                          UNITED STATES MAGISTRATE JUDGE