# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROWAN CROSBY BROOKS, JR., <br><br> Petitioner, <br><br> v. <br><br> GARY SWARTHOUT, WARDEN, <br><br> Respondent. | Case No. 1:14-CV-01095-LJO-SMS  HC <br><br> ORDER DENYING MOTION TO SET ASIDE DISMISSAL FOR LACK OF JURISDICTION <br><br><br> (Doc. 19) |

Petitioner, a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 20 U.S.C. § 2254, sought to set aside a restitution order as a violation of due process. On February 3, 2005, the Court adopted the findings and recommendations of the Magistrate Judge and dismissed the petition for lack of jurisdiction. Pursuant to F.R.Civ.P. 60(b)(4), Petitioner now moves to set aside the order of dismissal as void. The Court denies the motion.

Rule 60(b)(4) provides that "[o]n motion and just terms, the court may relieve a party . . . . from a final judgment . . . . for the following reasons: . . . . (4) the judgment is void." Petitioner's argument that the judgment was void consists of his repeating his substantive argument that the California courts erred in enforcing a restitution order against Petitioner. Because the Court dismissed the case for lack of jurisdiction to address a challenge to a restitution order brought in a § 2254 petition, however, the Court never reached Plaintiff's substantive arguments. Other than baldly

stating that the Court has jurisdiction, Petitioner does not directly challenge the basis of the dismissal of his petition.

As the findings and recommendations stated:

> "The . . . district court shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Because the "in custody" requirement is jurisdictional, "it is the first question we must consider." *Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir. 1998) (*citation omitted*). To be in custody generally requires a restraint on liberty not experienced by the public generally. *Id.* ***Collateral consequences of a conviction, such as a fine, loss of a license, or a restitution order, do not satisfy the in-custody requirement.*** *Bailey v. Hill*, 599 F.3d 976, 978-79 (9th Cir. 2010); *Williamson*, 151 F.3d at 1183. Imposition of a restitution order does not constitute "a significant restraint on liberty." *Bailey*, 599 F.3d at 979. That a petitioner is in physical custody when he files a petition challenging a restitution order is not sufficient to confer jurisdiction.

Doc. 16 at 3 (*emphasis added*).

The Court understands Petitioner's substantive argument. It dismissed the petition because it lacks jurisdiction to consider that argument in the context of a § 2254 habeas petition. Lacking jurisdiction means that a federal district court cannot consider Petitioner's substantive argument. Because the restitution order is not a restraint on Petitioner's liberty, his recourse was to appeal that portion of the California Supreme Court's order to the U.S. Supreme Court, not to present it in a petition for writ of habeas corpus.

The Court hereby DENIES Petitioner's Rule 60 motion to set aside the judgment of dismissal as void.

IT IS SO ORDERED.

Dated:   **May 13, 2015**                    **/s/ Sandra M. Snyder**
                                             UNITED STATES MAGISTRATE JUDGE

2