# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROWAN CROSBY BROOKS, JR.,<br><br>Petitioner,<br><br>v.<br><br>GARY SWARTHOUT, WARDEN,<br><br>Respondent. | Case No. 1:14-CV-01095-LJO-SMS   HC<br><br>ORDER DENYING SECOND MOTION TO SET ASIDE JUDGMENT AS VOID<br><br>(Doc. 24) |

Petitioner, a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 20 U.S.C. § 2254, sought to set aside a restitution order as a violation of due process. On February 3, 2005, the Court adopted the findings and recommendations of the Magistrate Judge and dismissed the petition for lack of jurisdiction. On April 22, 2015, pursuant to F.R.Civ.P. 60(b)(4), Petitioner moved to set aside the order of dismissal as void. Noting that Petitioner's argument addressed the substance of the petition, not the lack of federal district court jurisdiction that led to its dismissal, the Court denied the motion.

Plaintiff now brings a second motion to set aside the judgment pursuant to Rule 60, again arguing the substance of his petition. The Court will deny this motion.

To repeat the Court's previous order, the findings and recommendations stated:

> "The . . . district court shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to a judgment of a State court

1

only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Because the "in custody" requirement is jurisdictional, "it is the first question we must consider." *Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir. 1998) (*citation omitted*). To be in custody generally requires a restraint on liberty not experienced by the public generally. *Id.* ***Collateral consequences of a conviction, such as a fine, loss of a license, or a restitution order, do not satisfy the in-custody requirement.*** *Bailey v. Hill*, 599 F.3d 976, 978-79 (9th Cir. 2010); *Williamson*, 151 F.3d at 1183. Imposition of a restitution order does not constitute "a significant restraint on liberty." *Bailey*, 599 F.3d at 979. That a petitioner is in physical custody when he files a petition challenging a restitution order is not sufficient to confer jurisdiction.

Doc. 16 at 3 (*emphasis added*).

The Court understands Petitioner's substantive argument. It dismissed the petition because it lacks jurisdiction to consider that argument in the context of a § 2254 habeas petition. Lacking jurisdiction means that a federal district court cannot consider Petitioner's substantive argument. Because the restitution order is not a restraint on Petitioner's liberty, his recourse was to appeal that portion of the California Supreme Court's order to the U.S. Supreme Court, not to present it in a petition for writ of habeas corpus. Additional Rule 60 motions will not persuade the Court to reconsider Plaintiff's substantive argument.

The Court hereby DENIES Petitioner's second Rule 60 motion to set aside the judgment of dismissal.

IT IS SO ORDERED.

Dated:   **May 18, 2015**               /s/ Sandra M. Snyder
                                  UNITED STATES MAGISTRATE JUDGE