# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROWAN CROSBY BROOKS, JR., | CASE NO. 1:14-CV-1095-LJO-SMS |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION TO CORRECT FILING ERROR |
| v. | |
| GARY SWARTHOUT, WARDEN, | Doc. 26 |
| Respondent. | |

Petitioner is a state prisoner proceeding *in pro se* and *in forma pauperis*. Docs. 1, 2. His petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 was dismissed by this Court on February 3, 2014, when the District Judge adopted the findings and recommendations of the Magistrate Judge recommending denial based on lack of jurisdiction. Doc. 17. The case was closed. Petitioner now requests that the court convert a prior motion into a new action in the federal court.

**BACKGROUND**

In 2006, Petitioner was convicted of first degree murder by a jury in the Kern County Superior Court and sentenced to a prison term of twenty-five years to life. In 2010, the Superior Court entered a restitution order against Petitioner in the amount of $49,937, representing Petitioner's conversion of the victim's bank account. Petitioner appealed this order, which the appellate division upheld in September 2011. In November 2011, Petitioner filed a section 2254 habeas petition challenging his 2006 conviction. The petition was dismissed as untimely.

In February 2013, Petitioner filed a habeas petition in Kern County Superior Court challenging the restitution order. The Superior Court denied the petition, finding that restitution

orders are not fines and not the proper subject of a habeas petition. After the California Court of Appeal, and the California Supreme Court denied his appeals, Petitioner filed a second section 2254 habeas petition in this Court, challenging the restitution order. Doc. 1. This Court found that, because he was challenging the restitution order and not his custody, the Court did not have jurisdiction over his habeas petition. Doc. 17.

On April 22, 2015, Petitioner filed a motion to set aside a court order pursuant to Rule 60(b) under the same case number and caption as the section 2254 habeas proceeding. Doc. 19. It was denied for lack of jurisdiction. Doc. 23. Petitioner now files a motion to correct a filing error. Doc. 26. Petitioner argues that his previous Rule 60(b) motion was intended to void the Kern County Superior Court restitution order, not the order dismissing the habeas petition, as it had been interpreted by the Court. Doc. 26, p. 2. Petitioner now requests that the Court file his motion filed on April 22, 2015 under a new and separate case number. Id. The instant motion is titled: "Motion for correction of filing error on previous filing pursuant to Federal Rule of Civil Procedure 60(b)(4) erroneously filed as appeal to 28 U.S.C. § 2254 […] instead of as an original motion pursuant only to FRCP 60(b)(4) only."

**DISCUSSION**

Petitioner has filed this motion to correct a filing error under the case number and caption of his habeas petition. He desires that the Court convert his motion into a new case to challenge a state court order. This relief is improper in light of the procedural and substantive difference between habeas and civil matters. For example, civil actions are subject to a $400 filing fee, much higher than the $5 filing fee for habeas petitions. See 28 U.S.C. § 1914(a). Hence, it is appropriate for the Court to deny Petitioner's motion to correct a filing error. Petitioner may file a new civil action in this Court by filing a civil complaint. However, Petitioner should be aware that his April 22, 2015 motion, if filed as a new case, is not an action properly brought in the federal court and does not state a claim upon which relief may be granted.

Even if the Court granted the requested relief and converted Petitioner's motion into a new action, the action would be dismissed for lack of jurisdiction and failure to state a claim. Petitioner desires to file his April 22, 2015 motion as a new action to set aside a *state* court order under Rule

2

60(b)(4), a federal procedural rule. Rule 60(b)(4) allows a court, on motion and just terms, to relieve a party from a final judgment if the judgment is void. FRCP 60(b)(4). The motion must be made within a "reasonable time" and "no more than a year after the entry of the judgment or order." FRCP 60(c)(1). Rule 60(b) permits the federal district court to review its own final judgments and orders. It does not confer jurisdiction on a federal court to review *any* judgment or order. It is also not an independent cause of action.

A federal district court does not have jurisdiction to review state court orders. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 284 (2005)(the federal court lacks jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). Hence, this Court, a federal district court, is without jurisdiction to review the restitution order which was entered by the Kern County Superior Court. Petitioner may have had the option to move for reconsideration of the restitution order in the Kern County Superior Court pursuant to the California Rules of Civil Procedure. In any case, a state-court decision that is wrong does not render the judgment void, but allows reversal or modification through an appropriate and timely appellate proceeding. *Rooker v. Fidelity Trust Co*., 263 U.S. 413, 415 (1923). It appears that Petitioner has already taken this route by appealing the restitution order in the California Court of Appeals, which upheld the order.

**ORDER**

For the foregoing reasons, the Court declines to convert Petitioner's April 22, 2015 motion into a new and separate action. Petitioner's motion to correct the filing error is DENIED.

IT IS SO ORDERED.

Dated:   **December 4, 2015**             **/s/ Sandra M. Snyder**
                                          UNITED STATES MAGISTRATE JUDGE

3